UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-354 (RHK/AJB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Respondent,<br>v.<br>CHRISTOPHER PAUL GILES,<br>Petitioner. | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

PROCEDURAL BACKGROUND

On November 13, 2002, an indictment was filed in the District of Minnesota charging Christopher Paul Giles with one-count of possession with intent to distribute methamphetamine. The one-count indictment charged defendant Giles with possession with intent to distribute in excess of 500 grams of methamphetamine on October 1, 2002, in violation of 21 U.S.C. Section 841 (a)(1) and 841(b)(1)(A). On February 13, 2003, defendant pleaded guilty. Notably, defendant's plea agreement did not contain a provision for a motion for downward departure pursuant to Section 5K1.1 or 18 U.S.C. § 3553 (e).

On May 19, 2003, the defendant appeared for sentencing. Defendant filed motions for downward departure pursuant to Sections 5K1.1 and 5K2.0. At the sentencing, the defendant did not call any witnesses for purposes of an evidentiary hearing. Defendant was sentenced to a guideline sentence, 121 months imprisonment. It should be noted there was a mandatory minimum sentence of 120 months.

Giles appealed his conviction and sentence, which was affirmed by the Eighth Circuit on May 5 22, 2004. Giles filed this pro se § 2255 habeas motion seeking to vacate, set aside or correct his sentence on April 7, 2005.

## ARGUMENT

### I. DEFENDANT'S REQUEST FOR RETROACTIVE APPLICATION OF BOOKER SHOULD BE DENIED

Giles seeks to have his sentence vacated because it was in violation of Blakely. This argument would require the Court to retroactively apply United States v. Booker, 125 S.Ct 738 (2005) to a § 2255 proceeding and should be rejected.

Because the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005) governs all Blakely claims concerning the Federal Sentencing Guidelines, the sole issue here is whether Booker is retroactive.[1] Four circuits have considered this issue and all four have held that Booker is not retroactive. Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, (7th Cir. 2005); United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400

---

[1] Blakely reserved the question as to its applicability to the Federal Sentencing Guidelines. 124 S.Ct. at 2538 n. 9. Because Booker expressly decided that question, the issue is whether Booker, not Blakely, applies retroactively. See Humphress v. United States, 398 F.3d 855, 387 (6th Cir. 2005). McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005)

F.3d 864, (11th Cir. 2005). No circuit court has held to the contrary.

The analysis here is controlled by Teague v. Lane, 109 S.Ct. 1060 (1989), where the Supreme Court established a three-step analysis to determine whether a new rule of criminal procedure applies to collateral review: 1) whether the defendant's conviction was final at the time the rule was announced; 2) whether the holding announces a new rule of criminal procedure; and 3) whether the new rule falls into one of two exceptions to Teague's non-retroactivity rule.

The defendant's conviction was final prior to the decision in Blakely and therefore it was final prior to Booker. The only issues to be resolved are whether Booker was a new procedural rule and if so whether it falls within Teague's exception for a watershed ruling. (The other Teague exception to non-retroactivity - where a new rule prevents the lawmaking authority from criminalizing certain kinds of primary, private individual conduct - is not implicated by Booker). See Teague, 109 S.Ct. at 311.

**A. Booker Announced A New Procedural Rule**

There is no question but that Booker announced a procedural rule. The Supreme Court in Schriro v. Summerlin, 124 S.Ct. 2519, 2523-24 (2004) held that the rule set forth in Ring v. Arizona, 122 S.Ct 2428 (2002) which required a jury rather than a judge to find the facts essential to the imposition of the death penalty was procedural in nature, not substantive:

> Rules that allocate decision-making authority in this fashion are prototypical procedural rules, a conclusion we have reached in numerous other contests.

124 S. Ct. at 2523. The same analysis obviously applies to Booker. See Humphress, 398 F.3d at 860 at n. 1; McReynolds, 397 F.3d at 480-81; Price, 400 F.3d at 845-46; Varela, 400 F.3d at 866-67.

Nor is there any question but that the Booker rule is new. A rule is new if it breaks new ground, or put another way, if the result was not dictated by precedent existing at the time the defendant's conviction became final. Teague, 109 S.Ct. at 1070. Schriro, 124 S.Ct. at 2522. See also Beard v. Banks, 124 S.Ct. 2504, 2511 (2004) (test is whether the unlawfulness of the conviction was apparent at the time to all reasonable jurists).

Booker clearly created a new rule. First, the Supreme Court said that it had. The Booker court expressly stated that its holding applied "to all cases on direct review". In doing so it quoted from Griffith v. Kentucky, 479 U.S. 314 (1987) that:

> [A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final. (emphasis added)

125 S.Ct. at 769. The Booker court was therefore clearly signaling that its rule was both new and procedural. See Humphress, 398 F.3d at 861 (this discussion would be wholly unnecessary had the rule been dictated by precedent). See also McReynolds, 397 F.3d at 481 (Blakely reserved decision about status of Federal Sentencing Guidelines, so Booker itself represents a new rule).

Booker clearly meets the test set forth in Beard v. Banks, that the rule was not apparent to all reasonable jurists. In Apprendi v. New Jersey, 530 U.S. 466 (2000) the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt". 530 U.S. at 490. As the Seventh Circuit noted in Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004), before Blakely was decided every federal court of appeals had held that Apprendi did not apply to the Federal Sentencing Guidelines calculations made within the statutory maximum. See cases cited therein, including United States v. Francis, 367 F.3d 805, 820 (8th Cir. 2004).

That the term "statutory maximum" did not apply to Federal Sentencing Guidelines sentencing factors seemed to be bolstered by the Supreme Court's decision in Harris v. United States, 536 U.S. 545 (2002) where the Court held that Apprendi did not prohibit judicial fact finding as it related to application of mandatory minimum sentences.

Blakely, of course, significantly changed the legal landscape by holding that the term "statutory maximum" used in Apprendi meant the "maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant". 124 U.S. at 2533.

The Blakely Court specifically left open the issue as to whether its holding applied to the Federal Sentencing Guidelines. Reasonable jurists clearly differed as to whether the Supreme Court would so hold. As the Sixth Circuit in Humphress noted:

> That the federal judiciary has been deeply divided on the issue of whether the rule announced in Blakely applies to the Federal Guidelines lends further support to the conclusion that Booker announced a new rule.

398 F.3d at 861. The Second, Fourth, Fifth, Sixth and Eleventh Circuits held that Blakely did not apply to the Federal Sentencing Guidelines. See United States v. Mincey, 380 F.3d 102 (2nd Cir. 2004); United States v. Hammond, 378 F.3d 426 (4th Cir. 2004) (en banc); United States v. Pineiro, 377 F.3d 464 (5th Cir. 2004); United States v. Koch, 383 F.3d 436 (6th Cir. 2004) (en banc); United States v. Reiss, 382 F.3d 1308, 1310 (11th Cir. 2004). The Seventh Circuit in United States v. Booker, 375 F.3d 508 (7th Cir. 2004) and Ninth Circuit in United States v. Ameline, 376 F.3d 967, 984 (9th Cir. 2004) held to the contrary. This Circuit's jurisprudence on the issue is also illustrative. The panel decision in United States v. Mooney held that Blakely applied to the Guidelines. That decision was vacated for re-hearing en banc. 2004 WL 1636960 (8th Cir. July 23, 2004 vacated and re-hearing en banc granted August 6, 2004). Moreover, the lack of certainty is further demonstrated in Booker itself, where the sharply divided Court issued a 5-4 decision.

The extent of the judicial divergence on the issue clearly demonstrates that the resolution of this issue was not apparent to all reasonable jurists. Therefore, the rule in Booker is new.

**B. Booker Was Not A Watershed Procedural Rule**

The final issue is whether Booker announced a "watershed" procedural rule.[2] Based upon the Supreme Court's decision in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), Booker cannot be considered such a rule. Schriro involved the issue whether Ring v. Arizona, 122 S.Ct 2428 (2002) was a watershed rule under Teague. In Ring, the Court had held that an Arizona statute which required the trial judge to make findings as to the predicate aggravating factors authorizing imposition of the death penalty violated Apprendi and the Sixth Amendment right to jury. The issue in Schriro was whether Ring was a watershed rule, thus permitting its application on collateral review. The Court held it was not, as

---

[2]The Supreme Court recently emphasized how rare the "watershed rule" exception to Teague is meant to be. In pointing out that the Court has never found a watershed rule the Court stated:

> The second exception is for watershed rules of criminal procedure implicating the fundamental fairness in accuracy of a criminal proceeding. We have repeatedly emphasized the limited scope of the second Teague exception, explaining that it is clearly meant to apply only to a small core of rules requiring observance of those procedures that ... are implicit in the concept of ordered liberty. And, because any qualifying rule would be so central to an accurate determination of innocence or guilt [that it is] unlikely that many such components of basic due process have yet to emerge, it should come as no surprise that we have yet to find a new rule that falls under the second Teague exception.

Beard, 124 S.Ct. at 2513-14.

Ring did not implicate the fundamental fairness and accuracy of the criminal proceeding. 124 S.Ct. at 2522. Of significant interest here, the Court found that the choice between judges and juries as fact finders does not make a fundamental difference for the purposes of Teague analysis. 124 S.Ct. at 2525.

Therefore the Court should hold that Booker does not apply retroactively to collateral proceedings.

CONCLUSION

For all the above reasons, the defendant's § 2255 petition should be dismissed. Further, there is no legal issue significant enough here to warrant a Certificate of Appealability.

Dated: May 20, 2005

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/ Ann Anaya

BY: ANN M. ANAYA
Assistant U.S. Attorney
Attorney ID Number 243668