RECEIVED
BY MAIL
JUN 21 2005
CLERK US DIST COURT
ST. PAUL, MN

Christopher Paul Giles
#10718-041 (208-221)
Federal Prison Camp
P. O. Box 1000
Duluth, MN 55814-1000

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHRISTOPHER PAUL GILES, Petitioner, | Civil Case No. 05-726 RHK |
| v | Crim. Case No. 02-354 RHK/AJB |
| UNITED STATES OF AMERICA, Respondent. | TRAVERSE |

COMES NOW, Petitioner, Christopher Paul Giles, appearing pro se, who respectfully brings his Traverse before this Honorable Court.

Respondent appears to correctly identify the issue raised in Petitioner's motion as "the sole issue [being] whether Booker is retroactive." (Response at 2) Petitioner set forth a substantial argument for his position that Booker/Blakely must be held to be retroactive. He continues to rely on that body of law and his argument; however, he reminds the Court, most respectfully, that what Blakely/Booker announced was founded on a jurisdictional defect, and jurisdictional rulings are never prospective only.

> "A court lacks discretion to consider the merits of a case over which it is without jurisdiction ..., a jurisdictional ruling may never be made prospective only." (Firestone Tire & Rubber Co. v Risjord, 449 US 368, 379-308)

SCANNED
JUN 21 2005
U.S. DISTRICT COURT ST. PAUL

In Blakely, the Court noted the reservation of power the people reserved:

> "Our commitment to Apprendi in this context reflects not just respect for longstanding precedent, but the need to give intelligent content to the right of jury trial. That right is no mere procedural formality, but a fundamental reservation of power in our constitutional structure. Just as suffrage ensures the people's ultimate control in the legislative and executive brances, jury trial is meant to ensure their control in the judiciary." (Id., 159 L Ed 2d 403, 415)

Unquestionably, that ruling is a jurisdictional ruling. It defines the right that the accused have to a jury determination of all elements of an offense—later held to be required whenever a defendant is exposed to six months' or more prison time (see Lewis v United States, 518 US 322, 326-327) ("The Sixth amendment reserves

the jury trial right to defendants accused of serious crimes. [Petty crimes are those with authorized terms of less than six months]").

Article III of the U.S. Constitution establishes the federal judiciary. It prescribes the powers of the court both with respect to the type of cases which it may hear (§ 2, clause 1) and as to the right of jury trial for criminal cases (§ 2, clause 3). Articles I and II establish the Legislative and Executive Branches of the federal government. The people retain power over the Legislature and the President/Vice President via elections. **WE THE PEOPLE**, never gave the federal judiciary the power to try, convict and sentence defendants accused of crimes which exposed them to more than six months' imprisonment. Blakely underscored this fact.

In Ried v Covert, 354 US 1, 5-10, the court noted.

> "The United States is entirely a creature of the Constitution. Its power and authority have no other source. It can only act in accordance with all the limitations imposed by the Constitution....
>
> "The rights and liberties which citizens of our country enjoy are not protected by custom and tradition alone, they have been jealously preserved from encroachments of Government by express provision of our written constitution.
>
> "Among those provisions, Art. 3, § 2 and the Fifth and Sixth Amendments are directly relevant to those cases. Article 3, § 2 lays down the rule that. 'The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury' ....
>
> "As Blackstone wrote in his Commentaries. '... the trial by jury ever has been, and I trust ever will be, looked upon as the glory of English law. And if it has been so great an advantage in regulating civil property, how much that advantage be heightened when it is applied to criminal cases!... [I]t is the most transcendent privelege which and subject can enjoy, or wish for, that he cannot be affected either in his property, his liberty, or his person, but by unanimous consent of his neighbors and equals.'"

Relating these considerations to the instant case, it is obvious that there was no admission by Petitioner of any weight. The plea evinces that Petitioner never once admitted any quantity or type. He did not admit any factor which would increase his sentence to the mandatory minimum set in 21 USC § 841(b)(1). He simply entered a plea of guilt. This Court tried Petitioner absent a jury and exposed him to substantially more than the six months' it had the jurisdiction to subject him to, **in excess of its jurisdiction** under Article III, § 2, clause 3.

That a defendant must admit the quantity and type of drug to which he pleads, has been validated by a number of circuits. Among them, in United States v Thomas,

355 F3d 1191, 1198 (9th Cir 2004), that court said that even though the indictment stated that he was charged with "more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) ..." he did not admit to that type or quantity. The court went on to state that "in the absence of any proof of quantity,... by requiring a mandatory minimum imprisonment of ten years,... and by increasing his base offense level under the Guidelines ..., the error was clearly harmful." (Id., at 1201)

Without a specific admission of quantity by Petitioner, the Court exceeded its jurisdiction to find both quantity and type and then imposing a sentence based upon these unadmitted claims. In In re Bonner, 151 US 242, 257-258, the Court said.

> "There has been a great deal said and written ... as to the jurisdiction of the courts in criminal cases.... It is plain that such court has jurisdiction to render a particular judgment only when the offense charged is within the class of offenses placed by law under its jurisdiction ... **AND** in rendering judgment, the court keeps within the limitations prescribed by law .... [T]he court has to pronounce the proper punishment .... If the court exceeds the time prescribed by law, the judgment is void for the excess." (Emphasis added)

In this setting, the debates among the circuits and districts about whether Blakely or Booker are retroactive is irrelevant. A jurisdictional challenge is precisely what § 2255 is authorized to challenge and jurisdiction may be challenged at any time. In fact, in Voorhees v Jackson, 35 US 449, 474-475, the Court said that "the usurpation of power ... may be declared a nullity collaterally." In Boswell v Otis, 50 US 336, 348-350, the Court said that "it is always proper to inquire whether the court rendering the judgment had jurisdiction ...; the proceedings of the court beyond their jurisdiction are void." In Elliot v Peirsol, 26 US 328, 340, the Court said that "if [a court] act[s] without authority, its judgments and orders are regarded as nullities."

There are a plethora of cases at all levels of the federal courts which validate the right of trial by jury of all elements which affect the punishment. Respondent has cited numerous grounds for believing that none of the Supreme Courts cases (Apprendi/Blakely/Booker, etc.) are to be retroactively applicable. But, the Supreme Court has never said that it intended its decisions in those cases

to be prospective only. In Schriro v Summerlain, 124 S Ct 2519, to which the Respondent refers at 3, decided that Ring v Arizona, 122 S Ct 2428 was not to be retroactively applied, however, that was because the judges were already making their determinations of guilt beyond a reasonable doubt. The fact that Winship has been held repeatedly to be retroactively applicable—and all the cases in the Jones/Apprendi line depend upon Winship—ought to teach that Blakely was to be applied retroactively. The fact that it cannot be called anything but a jurisdictional ruling, in itself, requires that it apply retroactively. Even the dissent in both Apprendi and Blakely observed that it was a watershed decision (in the case of Apprendi) and that it arguably would validate a challenge to any sentence imposed after Apprendi was decided (in the case of Blakely) surely supports this position.

Respondent argues that the uncertainty and variety of opinions surrounding the application of Apprendi and its progeny (Response at 5, 6) demonstrate that "the resolution of this issue was not apparent to all reasonable jurists." (response at 7) The fact is that it is completely a mystery as to where any legislator, commission, agency, or jurist ever got the notion that a jury trial for all crimes was unnecessary, expecially after Winship. How much plainer can the Court get:

> "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we **explicitly** hold that the Due Process Clause protects the accused against conviction except upon proof beyond reasonable doubt of **every fact necessary to constitute the crime** with which he is charged." (Winship, 397 US 358, 364) (Emphasis added)

**WHEREFORE**, Petitioner respectfully begs the Court to grant him the relief requested in his motion, and for such other and further relief as to the Court appears just and equitable.

Dated this 19 day of June, 2005.

Christopher Paul Giles, Petitioner.

Note: A complete copy of this Traverse was served upon AUSA Ann M Anaya, at her address of record the date set forth above, via First Class mail prepaid.