UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

Plaintiff/Respondent,

vs.

Christopher Paul Giles,

Defendant/Petitioner.

Criminal 02-354 (1) (RHK/ AJB)
Civil No. 05-726 (RHK)

**ORDER**

---

Before the Court is Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. On February 15, 2003, Petitioner pleaded guilty to the one-count indictment charging him with possession with intent to distribute methamphetamine. In his plea agreement and at the hearing at which he entered his guilty plea, Petitioner admitted to possessing in excess of 500 grams of methamphetamine, accepting that the crime to which he pled guilty called for a 10-year mandatory minimum sentence, and that the applicable guidelines range (calculated with a base level of 34, a 3 point reduction for acceptance of responsibility, and a criminal history category of II) was 121-151 months. The Presentence Investigation Report recommended the identical guidelines calculation. He received a 121-month prison sentence, the low end of the applicable guidelines range.

In the Petition now before the Court, he argues that:

> Under the principle announced in both Blakley v. Washington and United States v. Booker/Fanfan, Petitioner is entitled to a sentence reduction to effect elimination of sentence enhancements and

> mandatory minimums supported by facts not found by a jury or admitted by defendant.

In his "traverse" to the Government's Brief, he states that the Government "appears to correctly identify the issue raised in [his Petition] as 'the sole issue [being] whether Booker is retroactive.'" That "issue" has now been resolved by the Eighth Circuit in Never Misses a Shot v. United States, ____ F.3d ___, 2005 WL 1569403 (8th Cir. 2005), in which the Court stated that the "new rule" announced in Booker "does not apply to criminal convictions that become final before the rule was announced, and thus does not benefit movants in collateral proceedings."

Accordingly, and upon the files, records and proceedings herein, **IT IS ORDERED** that Petitioner's Motion to Vacate Sentence (CR-02-354, Doc. No. 54; CV-05-726, Doc. No. 1) is **DENIED**.

Dated: July 28, 2005

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge